NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 20, 2017[*]
Decided December 5, 2017

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No. 16-4180

| | |
|---|---|
| ONAFFIA MCFADDEN, | Appeal from the United States District |
|     *Plaintiff-Appellant,* | Court for the Southern District of Illinois. |
| | |
|     *v.* | No. 3:13-CV-481-NJR-DGW |
| | |
| RICKEY PEARL, et al., | Nancy J. Rosenstengel, |
|     *Defendants-Appellees.* | *Judge.* |

## O R D E R

Onaffia McFadden, an Illinois inmate, asserted that prison officials at Shawnee Correctional Center violated his due process rights by withholding a prison investigator's report before his disciplinary proceeding on assault charges, *see* 42 U.S.C. § 1983. This evidence was exculpatory, he maintained, because it would have shown that his role in a fight was purely an act of self-defense. The district court entered summary judgment for the defendants, concluding that the evidence was not

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. 34(a)(2)(c).

exculpatory because self-defense is not a valid defense to an assault charge under the Illinois Administrative Code. We affirm.

We recount the facts in the light most favorable to McFadden, the nonmovant. *Williams v. Brooks*, 809 F.3d 936, 941 (7th Cir. 2016). McFadden was involved in an altercation with his cellmate. His cellmate threw the first punch, and McFadden responded in kind. After the fight, McFadden told an investigator that he acted solely in self-defense. The investigator wrote a report that included McFadden's version of events as well as two witness statements corroborating his account. That report was not issued or made available to McFadden until after his prison disciplinary hearing.

At his hearing, McFadden pleaded guilty to "assault," defined as "[c]ausing a person, substance or an object to come into contact with any offender in an offensive, provocative or injurious manner; or fighting with a weapon." 20 Ill. Admin. Code § 504, App. A, 102c. The disciplinary committee ultimately sentenced him to nine months of C-Grade segregation, revocation of good-conduct credit (which was restored after he served the segregation time), and transferred him to a more secure location.

McFadden filed this § 1983 lawsuit, arguing that prison officials denied him due process by depriving him of access to exculpatory evidence that would have proved he acted in self-defense. The court eventually entered summary judgment for the prison officials because inmates do not have a constitutional right to raise self-defense as a defense. Evidence of self-defense can be excluded, the judge reasoned, because a prison disciplinary ticket for assault has no intent requirement, and the prisoner's state of mind is irrelevant.

On appeal McFadden challenges the district court's summary-judgment ruling on grounds that the investigator's report was both relevant and exculpatory. Earlier disclosure of the report, he says, would have made him aware of potential witnesses who could have helped him prove self-defense at his hearing.

Under *Brady v. Maryland*, 373 U.S. 83, 87–88 (1963), material exculpatory evidence must be disclosed to a criminal defendant, and this requirement applies in the context of prison disciplinary proceedings. *Jones v. Cross*, 637 F.3d 841, 847 (7th Cir. 2011); *Piggie v. Cotton*, 344 F.3d 674, 679 (7th Cir. 2003). Regardless, McFadden's due process argument is meritless. As the district court explained, an inmate does not have a constitutional right to raise self-defense as a defense during a prison disciplinary proceeding. *See Jones*, 637 F.3d at 848; *Scruggs v. Jordan*, 485 F.3d 934, 938–39 (7th

Cir. 2007); *Rowe v. DeBruyn*, 17 F.3d 1047, 1052 (7th Cir. 1994). Whether McFadden lacked the specific intent to assault his cellmate, therefore, cannot be characterized as exculpatory. *See Jones*, 637 F.3d at 848. Evidence undermining his admission that he fought his cellmate might be exculpatory, *see id.*, but McFadden admits that he participated in the fight. Because the report contained no exculpatory evidence, McFadden's lack of access to the report could not violate due process.

AFFIRMED.